Justice White,
with whom
The Chief Justice and Justice O’Connor join, dissenting.
In Weatherford v. Bursey, 429 U. S. 545, 558 (1977), we held that establishing a violation of a defendant’s Sixth Amendment right to counsel requires a showing of “at least a realistic possibility” of prejudice to the defendant or benefit to the prosecution. See also United States v. Morrison, 449 U. S. 361, 365-366 (1981). This case presents the issue of who bears the burden of persuasion for establishing prejudice or lack thereof when the Sixth Amendment violation involves the transmission of confidential defense strategy information. The First Circuit held that where confidential defense strategy information is transmitted to the prosecution and the defendant makes a prima facie showing of prejudice, the burden then shifts to the prosecution to prove that there was no prejudice to the defendant from the disclosure. Cinelli v. City of Revere, 820 F. 2d 474, 478, 480 (1987); accord, United States v. Mastroianni, 749 F. 2d 900, 907-908 (CA1 1984). This position conflicts with the approach of other Circuits of requiring the *1038 defendant to prove prejudice. United States v. Steele, 727 F. 2d 580, 586-587 (CA6), cert. denied sub nom. Scarborough v. United States, 467 U. S. 1209 (1984); United States v. Irwin, 612 F. 2d 1182, 1186-1189 (CA9 1980). It also conflicts with a third position that once a defendant shows that the prosecution has improperly-obtained confidential defense strategy information or has intentionally placed an informer in the defense camp then no showing of prejudice is required, for those acts constitute a per se violation of the Sixth Amendment. United States v. Costanzo, 740 F. 2d 251, 254-255 (CA3 1984), cert. denied, 472 U. S. 1017 (1985). Because of these conflicting approaches among the Circuits, I would grant certiorari.